1  MCGREGOR W. SCOTT
   United States Attorney
2  KATHLEEN A. SERVATIUS
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              **CASE NO.  1:20-CR-00173 NONE-SKO**

12                    Plaintiff,           **STIPULATION TO CONTINUE STATUS
                                           CONFERENCE AND ORDER THEREON**
13            v.

14  JESUS GONZALEZ-BURGOS, ET. AL,         Date: November 4, 2020
                                           Time: 1:00 p.m.
15                    Defendants.          Honorable Sheila K. Oberto

16

17          The United States of America, by and through MCGREGOR W. SCOTT, United States

18  Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendants, by

19  and through their respective attorneys of record, hereby stipulate to continue the status conference in this

20  case from November 4, 2020 until January 20, 2021 at 1:00 p.m.

21          On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

22  Eastern District of California until further notice.  This General Order was entered to address public

23  health concerns related to COVID-19.  Further, pursuant to General Order 611 and 620, this Court's

24  declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

25  Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

26  judges to continue all criminal matters to a date after May 1, 2021.[1]

27  ───────────────────
28         [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

                                           1

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between November 2, 2020 and January 20, 2021 for the following reasons:  the defendants need additional time to review the discovery, consult with their clients, and conduct further investigation.  The case involves numerous wire taps, drug transactions, and is anticipated to involve approximately 8 – 10,000 pages of discovery, and digital discovery in the form of several gigabytes.  The proposed status conference date represents the earliest date that all counsel are available thereafter, taking into account counsels' schedules, defense counsels' commitments to other clients, and the need for preparation in the case and further investigation.  In addition, the public health concerns cited by General Order 611, 612, 617, 618, and 620 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed and it is difficult for defense counsel to meet with their clients and review discovery.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

///

///

///

///

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

Act.  Therefore, the parties request that the Court exclude the time until the new trial date from calculations under the Speedy Trial Act.

 Dated: October 30, 2020                    MCGREGOR W. SCOTT
                                            United States Attorney

                                            /s/ *Kathleen A. Servatius*
                                            KATHLEEN A. SERVATIUS
                                            Assistant United States Attorney

Dated:  October 26, 2020                    /s/ *Reed Grantham*
                                            Attorney for Jesus Gonzalez-Burgos

Dated:  October 26, 2020                    /s/ *Kevin P. Rooney*
                                            Attorney for Defendant Gabriel Gomez

Dated:  October 26, 2020                    /s/ *Nicholas Reyes*
                                            Attorney for Jose Gutierrez-Rubalcalva, Jr.

## ORDER

        IT IS HEREBY ORDERED that the status conference in this case be continued from November 4, 2020, until January 20, 2021, at 1:00 p.m.

        IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 4, 2020 and January 20, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **October 30, 2020**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE